### STATE OF CONNECTICUT *v.* LAWRENCE J. PELLETIER, JR.
### (12256)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued March 8—decision released April 23, 1985

*Kathleen Eldergill,* for the appellant (defendant).

*Catherine J. Capuano,* deputy assistant state's attorney, with whom were *John A. Connelly,* state's attorney, and *Walter H. Scanlon,* chief assistant state's attorney, for the appellee (state).

PETERS, C. J. The appeal of this defendant from his conviction of three counts of murder is governed by our decision in *State* v. *Couture,* 194 Conn. 530, 482 A.2d 300 (1984), cert. denied, 469 U.S.     , 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985). The defendant, Lawrence Pelletier, Jr., like Donald Couture, was charged with

the murder of three guards at the Purolator Armored Car garage in Waterbury. The defendant and Couture were tried together. In the defendant's appeal, he, like Couture, raises a number of issues concerning the fairness of his trial. In light of our holding in *State* v. *Couture,* we need address only one of these issues, the propriety of the prosecutor's summation.

We need not rehearse the prosecutorial remarks that the entire court found to be improper in *State* v. *Couture.* This court there concluded that "in his opening summation the prosecutor's character assassination of the defendant so tainted the trial as to deny the defendant due process of law." Id., 565. The prosecutor's summation addressed, without distinction, the character of Couture and his codefendant, Pelletier, who is the defendant in this case.

The only issue before us is whether this defendant is entitled to a new trial, the relief that we ordered in *State* v. *Couture,* when his counsel did not object as extensively to the prosecutor's remarks as did counsel for Couture. The state reminds us that in each instance where this defendant's counsel took objection to the prosecutor's remarks, the trial court agreed with the objection and took curative action. Counsel for this defendant did not expressly join in other objections by counsel for his codefendant Couture or in that counsel's request for a mistrial, all of which the trial court denied.

Despite the defendant's failure, at trial, to take proper exception to the prosecutor's summation, the defendant's claim of error is reviewable by this court. His appeal falls squarely within the second "exceptional circumstance" of the rule of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), because he has raised a claim, adequately supported by the record, that he "has clearly been deprived of a fundamental constitutional

right and a fair trial." Indeed, one of the claims that we expressly held to be reviewable in *State* v. *Evans* was a claim of constitutionally impermissible comment in a prosecutor's summation to the jury. Id., 71–73. Even if *State* v. *Evans* were not controlling, the failure by this defendant fully to challenge the conduct of the prosecutor at trial would not be dispositive, since his codefendant adequately alerted the trial court to the possibility of error in a timely fashion. See *State* v. *Jones,* 193 Conn. 70, 88, 475 A.2d 1087 (1984).

We therefore hold that the summation by the prosecutor in this case, as in *State* v. *Couture,* violated the defendant's right to due process of law under the fourteenth amendment to the United States constitution and under article first, § 8 of the Connecticut constitution. The defendant is entitled to a new trial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion, DANNEHY and SANTANIELLO, Js., concurred.

ARTHUR H. HEALEY, J., concurring. I remain convinced that *State* v. *Couture,* 194 Conn. 530, 482 A. 2d 300 (1984), cert. denied, 469 U.S.    , 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985), was wrongly decided by the majority in that case for the reasons I stated in my dissent in that case. *State* v. *Couture,* supra, 566–72B (*A. Healey, J.,* dissenting). My views expressed in *Couture,* I believe, find support in those set out by the United States Supreme Court in *United States* v. *Young,* 470 U.S.    , 105 S. Ct. 1038, 84 L. Ed. 2d 1 (1985), handed down after this court's decision in *Couture.* In regard to *Couture,* it is fair to note that an opinion has significance proportioned to the sources which sustain it, and there I pointed out that the Connecticut constitution was nowhere asserted by the

appellant in that case. *State* v. *Couture,* supra, 572A n.2 (*A. Healey, J.,* dissenting). Our state constitution is, however, in fact asserted in this case before us. This distinction, nevertheless, cannot on analysis serve to change the conclusion that *Couture* was wrongly decided.

On balance, I appreciate the Homeric constitutional enigma that would occur if this appellant, who was tried in the same courtroom, before the same judge, by the same jury, with the same prosecutor as the appellant in *Couture,* were found, vis-a-vis *State* v. *Couture,* supra, to have received a fair trial. This counsels an unhurried assessment of that prospect. One is reminded here of what Justice Felix Frankfurter may have meant when he said: "It is a fair summary of history to say that the safeguards of liberty have frequently been forged in controversies involving not very nice people." *United States* v. *Rabinowitz,* 339 U.S. 56, 69, 70 S. Ct. 430, 94 L. Ed. 653 (1950) (Frankfurter, J., dissenting).

Accordingly, with the ink dry on the companion case of *State* v. *Couture,* supra, I concur in the result reached in the case now before us.

SHEA, J., concurring. I agree with Justice Healey that *State* v. *Couture,* 194 Conn. 530, 482 A.2d 300 (1984), cert. denied, 469 U.S.     , 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985), was "wrongly decided" when this court ordered a new trial as a result of the inflammatory comments of the prosecutor. Neither Couture nor this defendant were sufficiently prejudiced by the remarks, egregiously improper as they were, to have been denied a fair trial under either our state or federal constitution in view of the overwhelming evidence of their guilt, which rendered the error harmless. "[I]t is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations  . . . ." *United States* v.

*Hasting,* 461 U.S. 499, 509, 103 S. Ct. 1974, 76 L. Ed. 2d 96 (1983); see *United States* v. *Young,* 470 U.S.    , 105 S. Ct. 1038, 84 L. Ed. 2d 1 (1985). Insofar as *Couture* may stand upon the duty of this court to deter prosecutorial misconduct under our general supervisory power, the court did not give appropriate weight to other relevant considerations, such as the reopening of old wounds on the part of the families of the victims by resurrecting their harrowing experiences, a consequence likely to ensue from a new trial with its attendant publicity. See *United States* v. *Hasting,* supra, 507. A more appropriate remedy for this marked departure from the high standards ordinarily followed by prosecutors in this state would have been a recommendation for disciplinary proceedings rather than the expensive exercise in futility that a new trial in this case entails.

Despite my disagreement with *Couture* and the portions of the majority opinion now approving that decision, it would be most incongruous and unfair that a different result should be reached in the present case simply because of a change in the composition of this court. Both cases should have been heard together on appeal, since there was a joint trial in the lower court and the same claims of error are raised. Again I agree with Justice Healey that it would be unjust to deny this defendant the same relief granted to Couture.

Accordingly, I agree with the result.