STATE OF CONNECTICUT *v.* JOSEPH DEMARTINO
(2972)

HULL, SPALLONE and BIELUCH, Js.

Argued February 14—decision released May 6, 1986

*Kevin G. Dubay,* for the appellant (defendant).

*Thomas V. O'Keefe, Jr.,* assistant state's attorney, with whom were *Julia DiCocco Dewey,* assistant state's attorney, and, on the brief, *Arnold Markle,* state's attorney, for the appellee (state).

SPALLONE, J. The defendant, an antique dealer, is appealing from the judgment of conviction, after a jury trial, of larceny in the first degree in violation of General Statutes § 53a-122 (a) (2). His conviction was based on the receipt and retention of a stolen diamond ring. During the trial the defendant did not take the witness stand to testify in his own behalf. On appeal, he claims that remarks made by the assistant state's attorney during closing argument violated his rights as secured by the fifth and fourteenth amendments to the United States constitution, resulting in an unfair trial.[1]

---

[1] Although several issues were raised in the defendant's original and amended preliminary statements of issues, we discuss only those issues

The defendant's fifth amendment claim is dispositive of this appeal. Although this claim of error was not raised at trial, we find that the issue raised is of such gravity as to bring it within the ambit of *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973). See *State* v. *Fernandez*, 198 Conn. 1, 10, 501 A.2d 1195 (1985). The general rule is that an objection must be made and ruled upon in the trial court to preserve a claim on appeal, and counsel must state distinctly the grounds for his objection if he wishes to preserve his right to appeal. *State* v. *Carter*, 198 Conn. 386, 395–97, 503 A.2d 576 (1986). Further, if the court rules adversely, counsel must take an exception. *McDermott* v. *New Haven Redevelopment Agency*, 184 Conn. 444, 449, 440 A.2d 168 (1981). An exception to this rule is where the record adequately supports a claim that the defendant has clearly been deprived of a fundamental constitutional right and a fair trial. *State* v. *Evans*, supra, 70. A claim of a violation of a defendant's fifth amendment rights falls within this exception. Id., 71–72. Therefore, we will review this claim.

The assistant state's attorney who prosecuted the defendant commented on the failure of either the defendant's attorney or the defendant himself to "tell" or "explain" certain events several times during the course of his closing argument to the jury . The assistant state's attorney's remarks that are in issue were as follows: "Why wouldn't [the defendant] tell the police the name of the person that he knew [was] involved in this investigation . . . ."; "First thing he did with the police . . . on the date of the seizure of the ring was refuse to divulge the name of the person that was involved . . . ."; "Mr. Watstein's [the defendant's trial counsel] argument [,] did you ever hear him explain why the thieves picked this man's house or why the

which were briefed by the defendant. *State* v. *Samaha*, 180 Conn. 565, 565 n.1, 430 A.2d 1290 (1980).

thief picked this man's house [referring to the defendant's house]? Did you ever even hear him talk about it—the fact or explain the fact that this man had $750 in cash? Did you ever hear him explain why Mr. DeMartino wouldn't tell the police the name of the person he knew was involved in this crime? Did you ever hear him explain why he lied to the policemen, got them out of the house; had the ring stuffed in his pajamas. You didn't hear one single word about that, did you? All you heard were confusing examples by some paper shuffler. . . ."

The right of the accused not to take the stand is his constitutional privilege against compulsory self-incrimination. *Malloy* v. *Hogan,* 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964); *State* v. *Anonymous (1976–4),* 33 Conn. Sup. 505, 507, 356 A.2d 187 (1976). Comment by the prosecuting attorney or the court on the defendant's failure to testify is prohibited by the fifth amendment to the federal constitution. *Griffin* v. *California,* 380 U.S. 609, 615, 85 S. Ct. 1229, 14 L. Ed. 2d 106, reh. denied, 381 U.S. 957, 85 S. Ct. 1797, 14 L. Ed. 2d 730 (1965). The Connecticut legislature has recognized and affirmed this right in adopting General Statutes § 54-84 (a) which reads in part: "(a) Any person on trial for crime shall be a competent witness, and at his or her option may testify or refuse to testify upon such trial. *The neglect or refusal of an accused party to testify shall not be commented upon by the court or prosecuting official* . . . ."[2] (Emphasis added.) An indirect remark by the prosecuting attorney which draws the jury's attention to the fact that the accused failed to testify may also violate the accused's right. *United States ex rel. Leak* v. *Follette,* 418 F.2d 1266, 1269 (2d Cir. 1969), cert. denied, 397 U.S. 1050, 90 S.

---

[2] Prior to the enactment of Public Acts 1977, No. 77-360, General Statutes (Rev. to 1977) § 54-84 (now § 54-84 [a]) read in part: "The neglect or refusal of an accused party to testify shall not be commented upon to the court or jury."

Ct. 1388, 25 L. Ed. 2d 665 (1970); *State* v. *Evans,* supra, 71–72. The test is: "[w]as the language used [by the state's attorney] manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify?" *State* v. *Evans,* supra, 72, quoting *United States ex rel. Leak* v. *Follette,* supra. Consequently, the prosecutor is prohibited from asking for explanations which only the defendant can provide because such questions are an indirect comment on the defendant's failure to testify. *State* v. *Anonymous (1976-4),* supra, 508.

An analysis of the assistant state's attorney's remarks, regardless of the language in which they were couched, clearly shows that they pointed to the defendant as the only person who could supply the explanations and answers to the questions which the prosecutor posed to the jury. What the state's attorney cannot do directly, he must not do indirectly in abridgement of an accused's fundamental right to a fair trial. The remarks of the assistant state's attorney were prejudicial to the defendant and transgressed his privilege against self-incrimination and right to a fair trial.

Because our holding on the defendant's second claim of error is dispositive of this appeal, we need not discuss the defendant's first claim except to admonish the state's attorney who may retry the case that he or she be more circumspect and be guided by the holdings of *State* v. *Pelletier,* 196 Conn. 32, 490 A.2d 515 (1985) and *State* v. *Couture,* 194 Conn. 530, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985) insofar as they deal with the measure of restraint required of a prosecutor in his argument to the jury.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.