STATE OF CONNECTICUT *v.* GEORGE ARLINE
(8453)

DUPONT, C. J., FOTI and LANDAU, JS.

Argued April 30—decision released September 3, 1991

*Thomas Ullman,* assistant public defender, with whom, on the brief, was *Shawn G. Tiernan,* deputy assistant public defender, for the appellant (defendant).

*James M. Ralls,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Mary Elizabeth Baran,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant was convicted of one count of sexual assault in the first degree in violation of General Statutes § 53a-70.[1] On appeal, he claims that the trial court (1) incorrectly refused to allow the defendant access to the victim's inpatient alcohol treatment records and psychiatric evaluation, thus violating the defendant's sixth amendment right to confrontation, (2) improperly refused to charge on a lesser included offense, (3) unconstitutionally limited the defendant's final argument, and (4) incorrectly denied the defendant's motion for mistrial based on prosecutorial misconduct. We affirm the judgment of the trial court.

The jury could reasonably have found certain relevant facts from the evidence adduced at trial. On December 28, 1987, the victim was incarcerated at the

---

[1] General Statutes (Rev. to 1987) § 53a-70 (a) provides: "A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person."

New Haven community correctional center after having been sentenced to ninety days for two motor vehicle offenses. He was assigned to a two person cell. Shortly after lights out and the first bed check, the victim was sexually assaulted by his cell mate, the defendant. The victim reported the incident two days later to medical personnel at a correction facility to which he was transferred the day after the assault.

During the trial, outside the presence of the jury, the victim testified that on December 28, 1988, he had voluntarily entered a thirty day treatment program for alcoholism at Gaylord Hospital. Further questioning revealed that the victim had received no other inpatient treatment either before the alleged sexual assault or up to the time of his trial testimony. While attending the Gaylord program, the victim had a psychiatric interview and evaluation. The state objected to the defendant's line of questioning about the psychiatric record of the victim, which concerned a date subsequent to the alleged sexual assault, and to the defendant's request for the record of that hospitalization of the victim. The state argued that the time of the hospitalization, one year after the assault and five months before trial, rendered those records irrelevant. The trial court sustained the state's objection. The defendant argues that he was denied his constitutional right to confrontation because this ruling denied him the opportunity "to reveal to the jury facts about a witness' mental condition that may reasonably affect that witness' credibility." *State* v. *D'Ambrosio,* 212 Conn. 50, 57, 561 A.2d 422 (1989), cert. denied, 493 U.S. 1063, 110 S. Ct. 880, 107 L. Ed. 2d 963 (1990).

There is a well recognized and much discussed conflict between a witness' statutory privilege of confidentiality in his psychiatric records[2] and a criminal defend-

---

[2] The confidentiality of psychiatric records is protected by General Statutes §§ 52-146d and 52-145e.

ant's constitutional right to cross-examination. *State* v. *D'Ambrosio*, supra; *State* v. *Hufford*, 205 Conn. 386, 533 A.2d 866 (1987); *State* v. *Pierson*, 201 Conn. 211, 227, 514 A.2d 724 (1986); *State* v. *Storlazzi*, 191 Conn. 453, 457, 464 A.2d 829 (1983). Our Supreme Court has evolved a procedure to reconcile these competing interests which requires the defendant to make a threshold showing of a reasonable ground to believe that denying the defendant access to the witness' records would impair his right to impeach the witness. *State* v. *D'Ambrosio*, supra, 58. "If in the trial court's judgment the defendant successfully makes this showing, the state must then obtain the witness' permission for the court to inspect the records in camera. A witness' refusal to consent to such an in camera inspection entitles the defendant to have the witness' testimony stricken." Id.

The defendant must, therefore, be permitted a certain latitude in his questioning of the witness so that the defendant has a fair opportunity to make a threshold showing. The questions on review here are whether the court abused its discretion by limiting the defendant's questioning of the victim, and, if not, whether the defendant successfully made his threshold showing. We conclude that the answer to both these questions is no.

Here, as in *D'Ambrosio*, the precise showing that had to be made was whether "there was a reasonable probability that . . . 'at any pertinent time' [the defendant's] alcohol problem affected his testimonial capacity." Id., 59. There are two times at which a witness' possible mental unsoundness is relevant. One of those is the time of trial, and the other is the time of the incident about which the witness is to testify. *State* v. *Herring*, 210 Conn. 78, 109, 554 A.2d 686, cert. denied, 492 U.S. 912, 109 S. Ct. 3230, 106 L. Ed. 2d 579 (1989). Here, unlike *D'Ambrosio*, there was no evidence that the victim was intoxicated at the time of

the incident. The defendant did not inquire of the victim whether he was drinking heavily at or around the time of trial, or whether he was abusing alcohol on either of the two days of his testimony. The victim, however, testified that he never had suffered from delirium tremens and that he never had been admitted to an emergency room for alcoholism. He also testified that he had not suffered from blackouts prior to December, 1987. The record, therefore, does not indicate any long-term impairment of credibility. The hospitalization itself was remote in time from the incident. These facts do not suggest a relevant impairment of testimonial capacity. In this context, the trial court did not abuse its discretion in concluding that the victim's hospitalization was too remote from either pertinent time to be relevant. Cf. *State* v. *Pettersen,* 17 Conn. App. 174, 179–80, 551 A.2d 763 (1988). Thus, we conclude that the defendant failed to make a preliminary showing that there was a reasonable probability that the hospital records were material. Without this requisite showing of materiality, no further steps under *D'Ambrosio* were needed.

The defendant's second claim is that the trial court incorrectly refused to charge on the lesser included offense of third degree sexual assault in violation of General Statutes § 53a-72a (a) (1) (A),[3] because the definition of sexual contact pursuant to General Statutes (Rev. to 1987) § 53a-65 (3) and General Statutes § 53a-65 (8),[4] makes it impossible to commit the greater

---

[3] General Statutes § 53a-72a provides in pertinent part: "(a) A person is guilty of sexual assault in the third degree when such person (1) compels another person to submit to sexual contact (A) by the use of force against such other person or a third person . . . ."

[4] General Statutes (Rev. to 1987) § 53a-65 (3) provides: " 'Sexual contact' means any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor or any contact of the intimate parts of the actor with a person not married to the actor for the purpose of sexual gratification of the actor."

General Statutes § 53a-65 (8) provides: " 'Intimate parts' means the genital area, groin, anus, inner thighs, buttocks or breasts."

crime, sexual intercourse by the use of force, without having first committed the lesser offense.

The state concedes that sexual assault in the third degree as prohibited in § 53a-72a (a) (1) (A) is a lesser included offense of first degree sexual assault.[5] The elements of each crime are virtually the same, except that the latter requires sexual intercourse and the former only sexual contact. A defendant is entitled to an instruction on a lesser offense if four prerequisites are met, one of which is that it is not possible to commit the greater offense without first having committed the lesser. *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980). The defendant thus meets the first two requirements of the *Whistnant* test, namely: "(1) an appropriate instruction is requested by . . . the defendant; [and] (2) it is not possible to commit the greater offense . . . without having first committed the lesser . . . ." Id.

The defendant's "claim focuses on the third and fourth requirements of the well established *Whistnant* test for determining whether a defendant is entitled to a lesser included offense instruction. *State* v. *Whistnant,* [supra,] 588. Those requirements are that '(3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate

[5] Prior to 1985, when contact with the intimate parts of the actor was added to the definition, General Statutes § 53a-65 (3) described sexual contact only as the touching of the victim's intimate parts. It was, therefore, possible, by legal definition, to compel a victim to submit to certain forms of intercourse without committing "sexual contact" as prohibited by the statute. *State* v. *Martin,* 187 Conn. 216, 220–21, 445 A.2d 585 (1982).

The defendant also claims that the trial court abused its discretion by denying his request for a bill of particulars so that the state would amend its information to particularize the kind of sexual intercourse alleged. Because the state concedes that third degree sexual assault is a lesser included offense of first degree sexual assault, we need not reach this issue.

the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense, but guilty of the lesser.' Id." *State* v. *Montanez,* 219 Conn. 16, 21–22, 592 A.2d 149 (1991).

The defendant claims that proof of sexual intercourse as required by the greater offense is sufficiently in dispute to permit the jury to find him not guilty of first degree sexual assault, but guilty of the lesser crime. He points to the lack of medical evidence indicating traumatic injury to the victim. Such injury, he asserts, would be the natural result of the abrupt, forcible, unlubricated anal penetration described in the victim's testimony. The state is required to prove penetration beyond a reasonable doubt to obtain a conviction on first degree sexual assault. *State* v. *Artis,* 198 Conn. 617, 621, 503 A.2d 1181 (1986). The defendant argues, therefore, that the lack of medical evidence of penetration could cast doubt on an essential element of the crime charged. The defendant further asserts that this lack of evidence would lead the jury, if properly instructed, to conclude that the crime complained of was merely forcible sexual contact, that is, sexual assault in the third degree. In order for the defendant to have been entitled to the lesser included offense charge that he requested, the evidence must have been such that the jury could reasonably conclude that the defendant compelled the victim to submit to some form of sexual conduct other than intercourse.

Considering the evidence in a light most favorable to the defendant's request, as we are required to do; *State* v. *Herring,* 210 Conn. 78, 106, 554 A.2d 686, cert. denied, 492 U.S. 912, 109 S. Ct. 3230, 106 L. Ed. 2d 579 (1989); we conclude that the defendant was not entitled to a charge on sexual assault in the third degree. Although the defendant throughout his brief refers to the victim as "the eyewitness," the victim in

fact did not testify to what he saw, but rather to what he felt. In a brief but graphic passage, he describes being forced face down on his bunkbed and experiencing the pain of anal penetration. The absence of conclusive corroborative medical evidence of penetration might tend to show that the defendant did not commit first degree sexual assault at all; see *State* v. *Herring,* supra; but there is no evidence justifying a conviction of the lesser offense. An alternative version of the incident, namely, mere sexual contact, is unsupported by the evidence.

The facts presented here were not "sufficiently in dispute" to support an instruction on the lesser included offense of third degree sexual assault. See *State* v. *Maselli,* 182 Conn. 66, 72, 437 A.2d 836 (1980), cert. denied, 449 U.S. 1083, 101 S. Ct. 868, 66 L. Ed. 2d 807 (1981). The defendant sought, through cross-examination and the introduction of expert testimony, to attack the credibility of the victim. The defendant did not suggest, through his questioning of witnesses, that there was only sexual contact rather than sexual intercourse. Jurors should not be encouraged to engage in speculation; *State* v. *Manley,* 195 Conn. 567, 580, 489 A.2d 1024 (1985); and, on these facts, an instruction on the lesser offense could have engendered only such speculation. Because there was no evidence to justify conviction of sexual assault in the third degree and because the proof of sexual intercourse was not sufficiently in dispute for the jury to conclude that the defendant was guilty, not of first degree sexual assault, but of sexual contact, the court did not have to charge on the lesser included offense. Cf. *State* v. *Edwards,* 214 Conn. 57, 67–68, 570 A.2d 193 (1990).

The defendant's third claim is that the trial court improperly precluded comment on certain issues by the

defendant during closing argument thereby violating his sixth amendment right to effective assistance of counsel. We disagree.

During a voir dire outside the presence of the jury, the victim testified that subsequent to the incident and his release from jail he was arrested for violation of probation, first degree larceny, attempted third degree burglary and motor vehicle charges. These charges were nolled. There were also pending against the victim charges of sixth degree larceny and driving while his license was under suspension. The victim later testified before the jury that after the incident he was released from the correctional facility after thirty days, instead of ninety. It was also revealed to the jury that a civil lawsuit based on the assault had been filed against the state on the victim's behalf. The victim, however, also testified that he was unaware of the lawsuit and never gave his attorney authority to file it. The defendant asserts that he should have been allowed to use these facts during closing argument to suggest that the victim had fabricated his account of the sexual assault. The trial court granted the state's motion for a cautionary ruling to prevent the defendant's argument on the ground that the argument would be strictly speculation and without basis in the evidence.

" 'Counsel may comment upon facts properly in evidence and upon reasonable inferences to be drawn from them. *State* v. *Kinsey,* 173 Conn. 344, 348, 377 A.2d 1095 (1977). Counsel may not, however, comment on or suggest an inference from facts not in evidence. *State* v. *Manley,* [supra]. In general, the scope of final argument lies within the sound discretion of the court; *Schwartz* v. *Waterbury Public Market, Inc.,* 6 Conn. App. 429, 437, 505 A.2d 1272 (1986); subject to appropriate constitutional limitations. *Herring* v. *New York,* 422 U.S. 853, 95 S. Ct. 2550, 45 L. Ed. 2d 593 (1975)

(complete denial of right to argue violates sixth amendment).' (Emphasis in original.) *State* v. *Huff,* 10 Conn. App. 330, 523 A.2d 906, cert. denied, 203 Conn 809, 525 A.2d 523 (1987)." *State* v. *Ross,* 18 Conn. App. 423, 432, 558 A.2d 1015 (1989).

The victim testified that his testimony was not given in exchange for lenient treatment. Upon objection by the state, the trial court did not allow the defendant to question the victim about the factual basis of his pending or nolled charges. The trial court did, however, permit limited cross-examination of the victim concerning the disposition of certain cases as it pertained to favorable treatment. The trial court also granted permission to the defendant to call other witnesses, specifically, the prosecutors and attorneys involved in the other cases. These witnesses were not called, and no evidence was produced that would support the defendant's theory that the victim fabricated a story in exchange for favorable treatment or because of a pending civil lawsuit. His claim, therefore, remained speculation and the trial court properly refused to allow comment about it.

The defendant's last claim is that improper arguments during closing argument by the state denied him a fair trial. In particular, he claims that a question by the prosecutor to the jury was an unconstitutional comment on the defendant's failure to testify. The question was: "What motive does George Arline have to come and deny it?" The defendant further asserts that other comments of the prosecuting attorney injected extraneous issues into the case, improperly encouraged the jury to identify with the victim, and were expressions of personal opinion. He claims, therefore, that the trial court incorrectly denied his motion for mistrial and for a new trial.

The test for evaluating a prosecutor's argument is: "Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify?" *United States ex rel. Leak* v. *Follet,* 418 F.2d 1266, 1269 (2d Cir.), cert. denied sub nom. *Leak* v. *Follette,* 397 U.S. 1050, 90 S. Ct. 1388, 25 L. Ed. 2d 665 (1970); *State* v. *Walker,* 206 Conn. 300, 307, 537 A.2d 1021 (1988). The prosecutor's comments are arguably improper if they can be construed to refer to actions that the defendant has no duty to assume. The comment is ambiguous, however, and, in the context of the defendant's counsel's argument about the credibility of the victim, is not one that would "naturally and necessarily" focus the attention of the jury on the defendant's failure to testify. Cf. *State* v. *Walker,* supra, 309–311. Additionally, the trial court gave curative instructions directly after the defendant objected to this statment of the prosecuting attorney. We do not deem this single comment so egregious that the court's instruction would fail to cure it.

"[A] prosecutor should not inject extraneous issues into the case that divert the jury from its duty to decide the case on the evidence. ABA Standards [for Criminal Justice (Second), The Prosecution Function § 3-5.8 (1985)]." *State* v. *Williams,* 204 Conn. 523, 547, 529 A.2d 653 (1987). Here, the defendant claims that the prosecutor injected extraneous issues into the trial by putting the hostile environment of the jail on trial. Review of the record reveals, however, that the atmosphere of the jail was discussed by several witnesses in addition to the victim and was directly relevant to questions raised about the timing of the victim's report of the incident. Similarly, what the defendant describes as the prosecution's attempt to have the jury identify with the victim had its basis in the victim's description of the incident. Cf. id., 548.

The defendant also asserts that before the prosecutor's closing argument, the prosecutor improperly argued to the jury that the defense counsel would argue that the victim was lying. Considering that much of the defendant's case consisted of attacks on the victim's credibility, we do not find this suggestion by the prosecutor to be grounds for a new trial.

The defendant also claims that comments about the defendant's expert witness amounted to expressions of personal opinion by the prosecutor. "The prosecutor may not express his own opinion, either directly or indirectly, as to the credibility of witnesses. . . . Nor may he express his opinion, directly or indirectly, as to the guilt of the defendant." (Citations omitted.) Id., 541. None of the remarks complained of here is an opinion about the guilt of the defendant. The statements regarding the defendant's expert witness refer to the evidence produced that the witness, a gynecologist and obstetrician, had never examined the victim, and, in fact, had never examined a male rape victim. The prosecutor's statements, while hyperbolic, were not personal attacks on the doctor's credibility but were permissible commentary on the weight to be afforded his testimony.

Finally, the defendant claims that the prosecutor appealed to the jurors' emotions by addressing them as "the criminal justice system." We recently analyzed a similar statement made in the course of a jury charge. *State* v. *McFadden,* 25 Conn. App. 171, 593 A.2d 979 (1991). There we held that such a comment neither deprived the defendant of a fair trial nor constituted plain error when the trial court's instruction thoroughly informed the jury of its duty. Id. The same reasoning applies here. The trial court's instructions were sufficient to cure any improper remarks of the prosecutor.

The judgment is affirmed.

In this opinion the other judges concurred.