STATE OF CONNECTICUT *v.* GEORGE ARLINE
(14377)

PETERS, C. J., CALLAHAN, GLASS, BORDEN and BERDON, Js.

Argued April 29—decision released July 21, 1992

*Thomas Ullmann,* assistant public defender, with whom, on the brief, was *Shawn G. Tiernan,* deputy assistant public defender, for the appellant (defendant).

*James M. Ralls,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Mary E. Baran,* assistant state's attorney, for the appellee (state).

GLASS, J. After a trial to a jury, the defendant, George Arline, was convicted of the crime of sexual assault in the first degree in violation of General Statutes § 53a-70 (a).[1] The trial court sentenced the defendant to a term of imprisonment of twenty years. The defendant appealed to the Appellate Court, which affirmed the judgment of the trial court. *State* v. *Arline,* 25 Conn. App. 653, 596 A.2d 7 (1991). This court thereafter granted the defendant's petition for certification to appeal. We reverse the judgment of the Appellate Court and direct that the case be remanded to the trial court for a new trial.

The jury could reasonably have found the following facts. On December 28, 1987, the complainant was sentenced to ninety days incarceration for two motor vehicle offenses. He was placed in the New Haven community correctional center, where he was assigned to a two person cell with the defendant. Shortly after lights out

[1] General Statutes § 53a-70 (a) provides: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person, or (2) engages in sexual intercourse with a persons [sic] under thirteen years of age."

and the first bed check, the complainant was sexually assaulted by the defendant. The next day the complainant was transferred to a different correctional facility. He reported the alleged sexual assault to medical personnel at the new facility on the day following his arrival. Id., 655.

The defendant did not testify at the trial. Through cross-examination of the prosecution's witnesses and direct testimony of defense witnesses, however, the defendant presented evidence tending to discredit the complainant's testimony. In particular, the defendant elicited testimony from the complainant relating to the favorable disposition of certain criminal charges brought against him subsequent to the alleged sexual assault. The defendant also elicited testimony from the complainant pertaining to a notice of civil claim concerning the alleged sexual assault filed on the complainant's behalf against the state. The defendant offered this testimony to demonstrate possible motive or bias on the part of the complainant. Prior to final argument, the state filed a motion for a cautionary ruling to bar defense counsel from referring to the subsequent criminal charges or the potential civil claim.[2] The trial court granted the state's motion on the ground that the argument the defendant proposed to make in summation on that testimony would be strictly speculative and without any basis in the evidence.

During summation, the defendant objected to several arguments made by the state. The defendant specifically objected to one question posed by the prosecutor, claiming that it was a comment on the defendant's fail-

---

[2] We note that the parties at oral argument were not aware whether a civil suit had yet been filed on the complainant's behalf, although the notice of claim filed with the claims commissioner indicated that permission to file a lawsuit against the state was being sought. See General Statutes § 4-147.

ure to testify. Thereafter, the defendant moved for a mistrial. The trial court denied the defendant's motion.

On appeal to the Appellate Court, the defendant claimed that the trial court had unconstitutionally limited his final argument and had incorrectly denied his motion for a mistrial made on the basis of prosecutorial misconduct.[3] Id., 654. The Appellate Court concluded that the trial court had properly limited the scope of the defendant's final argument and that the trial court's instructions to the jury were sufficient to cure any improper remarks of the prosecutor. Id., 663–64.

We granted certification to review the judgment of the Appellate Court limited to two issues: (1) "Did the Appellate Court correctly conclude that the defendant's right to the effective assistance of counsel under the sixth amendment to the United States constitution was not abridged by the trial court's ruling regarding the scope of the defendant's final argument?"; and (2) "Did the Appellate Court correctly conclude that the defendant's privilege against self-incrimination under the fifth amendment to the United States constitution was not abridged by the state's statement in final argument: 'What motive does George Arline have to come and deny it?' " *State* v. *Arline,* 220 Conn. 924, 924–25, 598 A.2d 364 (1991). We reverse because we disagree with the Appellate Court's resolution of the first issue.

I

The defendant first claims that the trial court improperly restricted defense counsel from commenting on certain facts that had been elicited from the com-

---

[3] The defendant also raised in the Appellate Court claims regarding the trial court's refusal to allow the defendant access to the complainant's alcohol treatment and psychiatric records and its refusal to charge the jury on a lesser included offense. *State* v. *Arline,* 25 Conn. App. 653, 654, 596 A.2d 7 (1991). These issues were not certified for appeal to this court.

plainant on cross-examination, thereby violating the defendant's right to the effective assistance of counsel under the sixth amendment to the United States constitution.[4] On cross-examination, the complainant had testified that: (1) following the alleged sexual assault, his sentence had been modified from ninety to thirty days; (2) during the period between the alleged sexual assault and the trial, he had been arrested and charged with the crimes of larceny in the first degree, attempt to commit burglary in the third degree, attempt to commit larceny in the second degree and violation of probation, and he had received no jail time for these charges;[5] (3) he had a larceny charge pending at the time of trial; and (4) a notice of civil claim against the state of Connecticut had been filed with the claims commissioner on his behalf, without his permission.[6]

---

[4] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense." The sixth amendment applies to state criminal proceedings by virtue of the fourteenth amendment. *Gideon* v. *Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). Although the defendant also raises in his brief on appeal the right to present a summation to the jury recognized under article first, § 8 of the Connecticut constitution; *State* v. *Hoyt,* 47 Conn. 518, 535–37 (1880); the state constitutional claim is not a certified issue and, therefore, we decline to address it.

[5] During voir dire of the complainant, outside the presence of the jury, the complainant indicated that these charges had been nolled.

[6] After indicating that he personally had not filed a claim against the state relating to the alleged sexual assault and that he did not recall having given an attorney authority to file such a claim on his behalf, the complainant testified as follows:

"[Defense Counsel]. When did you talk to Mr. Jacobs [complainant's attorney] about the case?

"[The Complainant]. After I was released from jail.

"Q. And he filed a claim without your permission?

"A. Yes.

\* \* \*

"Q. You are saying that you did not give permission to your attorney to file a notice of claim against the State of Connecticut, which the Attor-

Prior to final arguments, the trial court granted the state's motion for a cautionary ruling that precluded defense counsel from referring during summation to any charges against the complainant that had been nolled or disposed of subsequent to the alleged sexual assault or to any civil claim that the complainant might pursue with respect to the alleged sexual assault.[7] The

ney General of the State of Connecticut is defending . . . is that what you are saying?

"A. Not that I recollect.

"Q. Now, its not that you recollect.

"A. Well, before it was the question of a lawsuit.

"Q. Oh, I see. So, filing permission to file a lawsuit with the State of Connecticut in the claims commission, that's what you were answering no to before?

"A. Yes.

"Q. So, you have talked about filing a lawsuit with your attorney?

"A. I never sat down in his office and talked to him.

"Q. Did you talk to him on the phone?

"A. He wanted to—they contacted me to get a hold of him to talk to them about it, but I haven't been to his office, just he contacted me to go to his office and talk to him, and I haven't.

"Q. Did you talk to him on the phone?

"A. Not about the case.

"Q. Something else?

"A. No."

Although the notice of claim was never entered into evidence, the complainant's testimony was sufficient to allow the jury to draw the reasonable inference that it had been filed.

[7] The motion stated in relevant part: "The State of Connecticut respectfully requests the Court to caution defense counsel that he may not refer to the following matters during the [course] of summation:

"(1) All cases of the victim which were nolled or disposed of subsequent to the December 28, 1987 incident.

"(2) Any civil remedy that the victim could pursue with regard to the December 28, 1987 incident.

"Defense counsel questioned the victim about these issues during the trial. The victim denied any connection between the December 28, 1987 incident and the results of any subsequent cases. The victim also denied the existence of any civil lawsuit concerning this matter. . . . The State would urge the Court to caution defense counsel that he may not mention either subject to the jury because there is no evidence concerning either subject and both issues are speculative and without any basis in fact."

The trial court granted the motion as worded and instructed defense counsel to guide himself accordingly. The state conceded in oral argument before

defendant argues that the favorable dispositions of the criminal charges against the complainant in conjunction with the complainant's civil claim against the state supported an inference that the complainant's testimony had been motivated by these potential benefits. The defendant claims that, had the court permitted his argument in summation, the complainant's credibility would have been challenged. Although the defendant attempted to impeach the complainant's credibility on a number of grounds, the criminal charges and the civil claim provided the only evidence of motive or bias.

The Appellate Court upheld the ruling of the trial court and concluded that the defendant's constitutional right to the effective assistance of counsel had not been abridged. *State* v. *Arline,* supra, 25 Conn. App. 661. The court reviewed the complainant's testimony and concluded that "no evidence was produced that would support the defendant's theory that the victim fabricated a story in exchange for favorable treatment or because of a pending lawsuit. His claim, therefore, remained speculation and the trial court properly refused to allow comment about it." Id., 662. We disagree with this conclusion of the Appellate Court.

" 'Counsel may comment upon facts properly in evidence and upon *reasonable* inferences to be drawn from them. *State* v. *Kinsey,* 173 Conn. 344, 348, 377 A.2d 1095 (1977). Counsel may not, however, comment on or suggest an inference from facts not in evidence. *State* v. *Manley,* 195 Conn. 567, 580, 489 A.2d 1024 (1985). . . .' " (Emphasis in original.) *State* v. *Ross,*

---

this court that the motion may have been overbroad. The state claims, however, that the defendant still could have argued the facts that the complainant's original sentence had been modified and that a larceny charge was pending against the complainant at the time of trial. We reject the state's contention that the defendant could thus have narrowly interpreted the broad language of the court's cautionary ruling. Had he done so, he would have risked the appearance of wilfully violating the court's order.

18 Conn. App. 423, 432, 558 A.2d 1015 (1989); *State* v. *Huff*, 10 Conn. App. 330, 340, 523 A.2d 906, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987). Even if the trial court admits incompetent evidence, it " 'may be relied on in argument, and alone or in part may support a verdict or finding. . . .' " *Cohen* v. *Cohen*, 11 Conn. App. 241, 248, 527 A.2d 245 (1987), quoting C. McCormick, Evidence (3d Ed.) § 54.[8] Once testimony regarding subsequent criminal charges against the complainant and the existence of a civil claim had been admitted into evidence, therefore, the defendant had a right to argue in final argument any reasonable inferences from the facts elicited.

"In general, the scope of final argument lies within the sound discretion of the court; *Schwartz* v. *Waterbury Public Market, Inc.*, 6 Conn. App. 429, 437, 505 A.2d 1272 (1986); subject to appropriate constitutional limitations. *Herring* v. *New York*, 422 U.S. 853, 95 S. Ct. 2550, 45 L. Ed. 2d 593 (1975) (complete denial of right to argue violates sixth amendment)." *State* v. *Huff*, supra, 341. It is within the discretion of the trial court to limit the scope of final argument to prevent comment on facts that are not properly in evidence, to prevent the jury from considering matters in the realm of speculation and to prevent the jury from being influenced by improper matter that might prejudice its deliberations. See *Herring* v. *New York*, supra, 862; *State* v. *Herring*, 210 Conn. 78, 102, 554 A.2d 686, cert. denied, 492 U.S. 912, 109 S. Ct. 3230, 106 L. Ed. 2d 579 (1989); *State* v. *Huff*, supra, 340. "While we are sensitive to the discretion of the trial court in limiting argument to the actual issues of the case, tight con-

---

[8] Neither party has raised, and, therefore, we do not address, whether this testimony was properly admitted. We note, however, that this court has held that evidence of pending criminal charges and civil actions arising from the crime charged are probative of a prosecution witness' credibility. See *State* v. *Ortiz*, 198 Conn. 220, 224, 502 A.2d 400 (1985); *State* v. *Milum*, 197 Conn. 602, 610, 500 A.2d 555 (1985).

trol over argument is undesirable when counsel is precluded from raising a significant issue." *State* v. *Ross,* supra, 433.

The testimony at issue in the present case was admitted into evidence pursuant to the defendant's right to confrontation under the sixth amendment to the United States constitution. "The primary interest secured by confrontation is the right to cross-examination; *Douglas* v. *Alabama,* 380 U.S. 415, 418, 85 S. Ct. 1074, 13 L. Ed. 2d 934 (1965); and an important function of cross-examination is the exposure of a witness' motivation in testifying. *Greene* v. *McElroy,* 360 U.S. 474, 496, 79 S. Ct. 1400, 3 L. Ed. 2d 1377 (1959). Cross-examination to elicit facts tending to show motive, interest, bias and prejudice is a matter of right and may not be unduly restricted." *State* v. *Lubesky,* 195 Conn. 475, 481–82, 488 A.2d 1239 (1985). In order to comport with the constitutional standards embodied in the confrontation clause, the trial court must allow a defendant to expose to the jury "facts from which the jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *Davis* v. *Alaska,* 415 U.S. 308, 318, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974); *State* v. *Lubesky,* supra, 482.

Thus, the relevant inquiry is whether it would have been unreasonable for the jury to infer motive or bias on the part of the complainant from the facts of the subsequent criminal charges against him and their dispositions as well as from the existence of a potential civil claim. This court has consistently held that evidence of pending criminal charges against a state's witness is probative of motive or bias. "[I]t is 'well settled law that "[t]he fact that the witness is a defendant in a criminal prosecution . . . creates an interest which affects his credibility." ' " *State* v. *Ortiz,* 198 Conn. 220, 224, 502 A.2d 400 (1985); see also *State* v. *Shipman,* 195 Conn. 160, 168, 486 A.2d 1130 (1985); *State* v.

*Harris,* 10 Conn. App. 217, 235, 522 A.2d 323 (1987). It is also generally accepted that the pendency of a civil claim arising out of the same set of circumstances as those that served as the basis for a criminal prosecution is probative of a prosecuting witness' motive to lie because the outcome of the prosecution may be beneficial to the prosecuting witness. *State* v. *Milum,* 197 Conn. 602, 610, 500 A.2d 555 (1985) (trial court improperly prevented defendant in criminal case from cross-examining complaining witness regarding suit for civil damages brought against the defendant on the basis of the same incident as the criminal prosecution).

In this case, both the trial court and the Appellate Court concluded that the defendant's proposed argument that the complainant had an interest in and could benefit personally from his testimony was speculative and had no basis in the evidence. Both courts improperly assumed, however, that the defendant was required to present specific evidence of an agreement between the state and the complainant or of the complainant's belief that he had received lenient treatment on his criminal charges in exchange for his testimony.[9] Rather, in order to argue the question of the complainant's motivation, the defendant needed to establish only a reasonable inference that the complainant could have believed that there was a causal connection between his testimony and the disposition of the crimi-

[9] Outside the presence of the jury, after voir dire of the complainant, the parties and the court addressed the permissible scope of the defendant's cross-examination of the complainant. The court ruled that the defendant could not cross-examine the complainant as to the facts of the crimes with which he was charged after the alleged sexual assault, but could inquire as to the disposition of cases pending between the time of the alleged sexual assault and the trial. Cross-examination on these issues was allowed to establish the defendant's theory that the complainant had received preferential treatment that affected the reliability of his testimony. The following exchange then took place:

"The Court: . . . . [Y]our ability to cross-examine concerning any possible preferential treatment is going to be pretty much limited because [the

nal charges against him. The fact that a witness denies such a connection, or does not testify as to whether one exists, does not make it unreasonable for a jury to infer, from the fact of favorable dispositions of criminal charges or the existence of a civil claim, that the witness could have believed his testimony would benefit him.

We are persuaded that, in the present case, it was not unreasonable for the defendant to attempt to use the existence of criminal charges against the complainant and the civil claim to raise a question to the jury as to the complainant's veracity. Although the trial court may have regarded the proffered evidence of motivation as not especially persuasive, it was for the jury to decide the weight of the evidence and its effect on the complainant's credibility. See, e.g., *State* v. *Pinnock,* 220 Conn. 765, 785–86, 601 A.2d 521 (1992); *State* v. *James,* 211 Conn. 555, 573, 560 A.2d 426 (1989); *State* v. *Shipman,* supra, 163. Once this testimony had been elicited on cross-examination of the complainant, particularly when it provided the only evidence from which the jury could infer motive or bias, defense coun-

---

complainant] has already testified that he has no knowledge of anything of that nature, and I don't know how you are going to get around that when you cross-examine.

\* \* \*

"[Assistant State's Attorney]: . . . . I don't think it's fair to raise this simply on a whim, and then be able to argue this to the jury later, and the victim is going to deny it and say he doesn't know anything, you heard his answers yesterday on voir dire, that's what he said.

"The Court: Certainly there is no question . . . if he does ask those types of questions and the witness says no, how can he argue to the jury, there is no evidence to it."

The trial court misinterpreted the complainant's denial that he had received preferential treatment in exchange for his testimony to create a lack of evidence rather than an issue of credibility for the jury. We note that neither the defense nor the prosecution specifically questioned the complainant in front of the jury as to whether he believed that the dispositions of the criminal charges against him were related to his testimony in the present case.

sel should have been permitted to argue that evidence in summation to the jury. A trial court "cannot speculate as to whether the jury, as sole judge of the credibility of a witness, would have accepted this line of reasoning had counsel been permitted to fully present it." *Davis* v. *Alaska,* supra, 317.

We conclude, therefore, that the trial court improperly restricted the scope of the defendant's final argument when it barred the defendant's attorney from referring to the filing of a notice of claim against the state and to the criminal charges against the complainant that arose between the time of the alleged sexual assault and the trial. We next consider whether the trial court's action in denying the defendant the opportunity to argue these facts to the jury denied him the right to the effective assistance of counsel afforded by the sixth and fourteenth amendments to the United States constitution.

The right to the assistance of counsel ensures an "opportunity to participate fully and fairly in the adversary factfinding process." *Herring* v. *New York,* supra, 858. The opportunity for the defense to make a closing argument in a criminal trial has been held to be a basic element of the adversary process and, therefore, constitutionally protected under the sixth and fourteenth amendments. Id., 859. Closing argument is an integral part of any criminal trial, for it is in this phase that the issues are sharpened and clarified for the jury and each party may present his theory of the case. "Only then can [counsel] . . . argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt." Id., 862.

The right to present a closing argument is abridged not only when a defendant is completely denied an opportunity to argue before the court or the jury after all the evidence has been admitted, but also when a defendant is deprived of the opportunity to raise a significant issue that is reasonably inferable from the facts in evidence. This is particularly so when, as in this case, the prohibited argument bears directly on the defendant's theory of the defense. See *State* v. *Ross,* supra, 433–34.

Here, the only evidence presented by the defense was directed at the complainant's credibility. Although there were numerous evidentiary bases from which the complainant's credibility could have been questioned, the complainant's testimony regarding the criminal charges against him and the civil claim provided the only evidence of motive or bias. To deprive defense counsel of any opportunity to argue the motive or bias of the state's chief witness, where the linchpin of the defense was attacking the credibility of that witness, deprived the defendant of the full and fair participation of his counsel in the adversary process. The trial court's restriction on defense counsel's closing argument was particularly significant in this case because the state argued that the complainant had no motive to fabricate his testimony and the defendant was not permitted to rebut that argument.[10] Accordingly, we conclude that the trial court's limitation on the scope of defense counsel's final argument was improper and

[10] The prosecutor argued in summation: "What motive would a 21 year old fellow have to make up such a disgusting and depraved scenario . . . to go through a humiliating, embarrassing, uncomfortable rectal examination; to come into a courtroom of strangers a year and a half afterwards and testify about his most private parts, most embarrassing intimate disgusting details that the human mind could imagine. What motive would he have to lie as they are going to tell you? He has no motive. . . . To believe he is lying is to believe he is out of his mind. . . ."

deprived the defendant of his constitutional right to the effective assistance of counsel.[11]

Once a violation of the sixth amendment right to assistance of counsel has been established, we need not inquire as to whether the error resulted in prejudice to the defendant. "[A] per se rule of automatic reversal more properly vindicates the denial of the defendant's fundamental constitutional right to assistance of counsel guaranteed by the sixth amendment." *State* v. *Mebane,* 204 Conn. 585, 595, 529 A.2d 680 (1987), cert. denied, 484 U.S. 1046, 108 S. Ct. 784, 98 L. Ed. 2d 870 (1988); see 2 W. LaFave & J. Israel, Criminal Procedure § 11.8. We, therefore, reverse the decision of the Appellate Court and remand the case for a new trial.

## II

We will consider the defendant's remaining claim insofar as it may arise again at a new trial. The defendant claims that his fifth amendment privilege against self-incrimination was abridged when the prosecutor commented during closing argument on the defendant's failure to testify.[12] After commenting at length on the complainant's lack of motive to fabricate his testimony;

[11] We agree with the reasoning of the Maine Supreme Court in *State* v. *Liberty,* 498 A.2d 257 (Me. 1985). There the court concluded that restricting a criminal defendant from arguing in summation hearsay evidence that had come in without objection violated the defendant's constitutional right to the effective assistance of counsel. The court stated: "In closing argument, each party should be permitted to summarize the case from the perspective of that party's interpretation of all the evidence in the case and the inferences to be drawn therefrom. It is not for the presiding justice to proscribe argument as to a portion of the evidence which the jury has heard. . . ." Id., 259.

[12] The fifth amendment to the United States constitution provides in relevant part: "No person shall . . . be compelled in any criminal case to be a witness against himself . . . ." The fifth amendment is applicable to state criminal prosecutions by virtue of the fourteenth amendment. *Malloy* v. *Hogan,* 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964).

see footnote 10, supra; the prosecutor stated: "On the other hand, members of the jury, what motive does George Arline have to come and deny it?" Defense counsel objected and moved for a mistrial, claiming that the prosecutor's statement necessarily referred to the fact that the defendant had not testified during the trial.

It is well settled that comment by the prosecuting attorney or the trial court on the defendant's failure to testify is prohibited by the fifth amendment to the United States constitution. *Griffin* v. *California,* 380 U.S. 609, 615, 85 S. Ct. 1229, 14 L. Ed. 2d 106, reh. denied, 381 U.S 957, 85 S. Ct. 1797, 14 L. Ed. 2d 730 (1965). The Connecticut legislature has given statutory recognition to this right by enacting General Statutes § 54-84.[13] This court applies the following test in evaluating whether a prosecutor's remark has violated this right: " 'Was the language used manifestly intended to be, or was it of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify?' " *State* v. *Walker,* 206 Conn. 300, 307, 537 A.2d 1021 (1988); *United States ex rel. Leak* v. *Follette,* 418 F.2d 1266, 1269 (2d Cir. 1969), cert. denied sub nom. *Leak* v. *Follette,* 397 U.S. 1050, 90 S. Ct. 1388, 25 L. Ed. 2d 665 (1970). Even an indirect remark by the prosecuting attorney may violate a defendant's privilege against self-incrimination if it draws the jury's attention to the failure of the accused to testify. *State* v. *Menzies,* 26 Conn.

---

[13] "[General Statutes] Sec. 54-84. TESTIMONY OR SILENCE OF ACCUSED. (a) Any person on trial for crime shall be a competent witness, and at his or her option may testify or refuse to testify upon such trial. The neglect or refusal of an accused party to testify shall not be commented upon by the court or prosecuting official, except as provided in subsection (b) of this section.

"(b) Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. In cases tried to the court, no unfavorable inferences shall be drawn by the court from the accused's silence."

App. 674, 696, 603 A.2d 419, cert. denied, 221 Conn. 924, 608 A.2d 690 (1992) (*Berdon, J.,* dissenting from denial of certiorari). Furthermore, "a prosecutor is prohibited from asking for explanations which only a defendant can provide because such questions are an indirect comment on the defendant's failure to testify." *State* v. *Bowens,* 24 Conn. App. 642, 650, 591 A.2d 433, cert. denied, 220 Conn. 906, 593 A.2d 971 (1991).

Repeated comments by the prosecutor on the failure of a defendant to "tell" or to "explain" certain events and reference to the jury's inability to assess the demeanor of the defendant have been held to be improper. *State* v. *Walker,* supra, 313; *State* v. *DeMartino,* 7 Conn. App. 292, 295, 508 A.2d 809 (1986). We note, however, that a prosecutor may use final argument to rebut comments made by the defendant in closing argument or to address the weaknesses of the defendant's case. See, e.g., *State* v. *Magnotti,* 198 Conn. 209, 217–18, 502 A.2d 404 (1985); *State* v. *Kluttz,* 9 Conn. App. 686, 707, 521 A.2d 178 (1987); *State* v. *Allen,* 9 Conn. App. 169, 178, 517 A.2d 1043 (1986), rev'd on other grounds, 205 Conn. 370, 533 A.2d 559 (1987). While the prosecutor's comment in the present case appears to exceed the bounds of proper argument,[14] because we do not expect the issue to arise on retrial, we decline to decide whether this comment in itself would have required a new trial because of its impairment of the defendant's fifth amendment privilege against self-incrimination.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court for a new trial.

In this opinion the other justices concurred.

---

[14] We note that after objection by the defendant to the prosecutor's comment, the trial court excused the jury and, thereafter, cautioned the prosecutor against making any further comment to the jury about the defendant's motives.