STATE OF CONNECTICUT *v.* JAMES A. ROBINSON

LOISELLE, BOGDANSKI, LONGO, PARSKEY AND ARMENTANO, Js.

Argued February 14—decision released April 11, 1978

*Louis S. Avitabile,* special public defender, for the appellant (defendant).

*Walter H. Scanlon,* assistant state's attorney, for the appellee (state).

PER CURIAM.   The defendant was convicted by a jury of assault in the first degree in violation of General Statutes § 53a-59 (a) (1). He has appealed

from the judgment rendered, claiming that the court erred both in denying his motion for judgment and in denying his motion to set aside the verdict as being contrary to the law and against the evidence. The sole issue determinative of this appeal is whether the evidence was sufficient to find that the victim of the assault suffered "serious physical injury."

General Statutes § 53a-59 (a) (1) provides that "[a] person is guilty of assault in the first degree when: (1) With intent to cause *serious physical injury* to another person, he causes such injury to such person or to a third person . . . ." (Emphasis supplied.) General Statutes § 53a-3 (4) states as follows: " '[S]erious physical injury' means physical injury which creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ."

The jury could have found the following facts: On the afternoon of January 29, 1974, the defendant went to his estranged wife's apartment. Taking his shotgun, he told his wife to call her lawyer and tell him that she wanted the defendant to have their daughter. After she hung up the telephone, the defendant hit her with the wooden part of a shotgun on her leg and arm, cracking the butt of the gun. Later that night, the defendant got his wife out of bed, hitting her with the metal part of the gun across her back, legs, arms and every part of her body except her face. Every time she tried to leave the room he struck her with the gun. Finally he hit her in the back of the neck and she passed out, remaining on the floor until the next morning when she was finally taken to the hospital, where she remained for nearly one week.

The jury could have found from the medical testimony presented that she suffered lacerations of the face and scalp, fractures of the eleventh and twelfth ribs, proximal phalanx of the left small finger, and multiple bruises, abrasions, ecchymoses and possible muscle contusions of all four extremities. Her hemoglobin showed a significant drop and as a result she received blood transfusions amounting to one-third of the total blood supply of the human body. Her legs were seriously disfigured and her broken finger was impaired in its normal functions. In the opinion of one police officer, "she looked to me one of the worst beatings I've seen, I've seen them die with less."

No purpose would be served in reiterating what was stated in *State* v. *Jeustiniano*, 172 Conn. 275, 281-82, 374 A.2d 209, concerning what may be considered "serious physical injury."

The determination as to whether the victim's injuries were "serious physical injuries" was properly a question for the jury. Unquestionably, on the evidence as presented, the jury could reasonably have found in accordance with the verdict returned.

There is no error.