JOANN L. MOODY *v.* JOSE PINTO

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1088

Argued June 23 – decided September 11, 1981

*John C. Levanti,* for the appellant (defendant).

*Carl R. Ajello,* attorney general, and *Joseph X. Dumond, Jr.,* assistant attorney general, for the appellee (plaintiff).

SHEA, J. In this appeal from a judgment upon a finding by the trial court that the defendant is the father of the plaintiff's child, the defendant claims error only in a ruling upon the admissibility of certain evidence. The issues presented are (1) whether a lay witness, such as the plaintiff, may be permitted to give her opinion of the date on which she became pregnant; and (2) whether the testimony should have been allowed in view of a claimed inconsistency with the plaintiff's written answers to interrogatories propounded by the defendant.

Before the occasion for the ruling at issue the plaintiff testified that she had had sexual intercourse with the defendant on many occasions in the summer of 1978 and that she also did so on September 8, 1978, when he failed to use any birth prevention device. She said he had used such devices on some of the previous nights when they had been similarly engaged. She was then asked, "To the best of your recollection would you state that September 8th was the date you became pregnant?" The defendant objected without stating any ground. In overruling the objection, the court expressed the view that "she's entitled to give her opinion as to that." The witness answered the question affirmatively and the defendant took an exception without reference to any specific ground.

Although the question was obviously leading, the defendant has raised no objection on that ground either in the trial court or before us. The remark which was made by the judge in the course of his rul-

ing indicates that he understood the basis of the objection to be the general prohibition against opinion testimony by nonexpert witnesses. *Johnson* v. *Newell,* 160 Conn. 269, 277, 278 A.2d 776 (1971); *Sydleman* v. *Beckwith,* 43 Conn. 9, 11 (1875). We shall consider the propriety of the ruling on that basis despite the failure of the defendant to state the ground of his objection specifically as required by Practice Book § 288.

"The general rule is that witnesses must state facts and not their individual opinions, but there are exceptions to this rule as well established as the rule itself." *Sydleman* v. *Beckwith,* supra. The prohibition against nonexpert opinion does not apply where "the nature of the subject matter is such that it cannot be reproduced or detailed to the jury precisely as it appeared to the witness at the time." Id., 13–14. This phrasing of the exception corresponds to Wigmore's formulation, which would exclude a layman's opinion "when by the mere words and gestures of the witness the data he has observed can be so reproduced that the jurors have those data as fully and exactly as the witness had them at the time he formed his opinion." 7 Wigmore, Evidence (Chadbourn Rev.) § 1924. "Because of the wide range of matters on which lay witnesses are permitted to give their opinion, the admissibility of such evidence rests in the sound discretion of the trial court, and the exercise of that discretion, unless abused, will not constitute reversible error." *State* v. *Orsini,* 155 Conn. 367, 373, 232 A.2d 907 (1967).

It has been widely held that the state of pregnancy is such a common condition that a woman may give her opinion that she herself is pregnant. *State* v. *Orsini,* supra, 372; *State* v. *Horwitz,* 108 Conn. 53, 57, 142 A. 470 (1928); 31 Am. Jur. 2d, Expert and Opinion Evidence § 96. We see no reason not to extend the rule to allow her to testify to the date when

she became pregnant if her opinion is based entirely upon facts within her direct knowledge, as appears to have been the situation in this case. Although it might have been possible to segregate the many indicia or symptoms of pregnancy upon which the plaintiff's calculation of the onset of her pregnancy was based, we are disinclined to insist upon a quibbling or technical application of an exception designed to expedite the trial of cases in a practical manner. See *MacLaren* v. *Bishop,* 113 Conn. 312, 314, 155 A. 210 (1931); Wigmore, supra, § 1924. We conclude that the defendant's objection was properly overruled.

The remaining claim which the defendant has presented in this appeal, that the testimony of the plaintiff that she became pregnant on September 8, 1978 should have been excluded or stricken because it may have been inconsistent with her answers to the interrogatories, was never raised at trial. There is also no indication in the portion of the transcript which has been filed that the defendant was deprived of an opportunity to bring to the attention of the court the claimed inconsistencies.[1] We decline to consider issues not raised in the trial court. Practice Book § 3063.

There is no error.

In this opinion DALY and BIELUCH, Js., concurred.

---

[1] The only "inconsistency" referred to in the defendant's brief is the responses contained in the plaintiff's disclosure that she had intercourse with the defendant on the two successive days following the date of conception alleged in the complaint, September 8, 1978, as well as on that date. We fail to perceive any inconsistency.