STATE OF CONNECTICUT *v.* LEONA RENEE MCCULLEY
(3567)

SPALLONE, DALY and BIELUCH, Js.

Argued October 9—decision released December 17, 1985

*Kathleen Eldergill,* for the appellant (defendant).

*Steven H. Levy,* special assistant state's attorney, for the appellee (state).

DALY, J. The defendant was convicted by a jury of assault in the second degree in violation of General Statutes § 53a-60 and larceny in the fourth degree in violation of General Statutes § 53a-125. On appeal,[1] the defendant, Leona Renee McCulley, claims (1) that the trial court erred in failing to grant a judgment of acquittal for the assault charge because there was insufficient evidence for the jury to find that the victim suffered serious physical injury, and (2) that she was deprived of effective assistance of counsel.

The jury could readily have found the following facts. On May 1, 1982, a male security guard working in Gimbel's department store saw the defendant take a white blouse, remove a sensimatic device from it and place the blouse in her purse. The guard sought the assistance of the female security manager who responded. Both followed the defendant, who was with a female companion and a little girl, down the stairs to a restroom. The manager followed the defendant into the restroom while the guard remained outside. The manager observed the defendant inside a restroom stall unzip her handbag and pull out two blouses, one white and one purple, which she attempted to flush down the toilet. Each blouse was valued at $25. The manager confronted the defendant, identified herself as a member of the store's security staff, and attempted to restrain

---

[1] Any claimed error concerning the larceny count was abandoned at the time of argument.

the defendant from leaving the restroom. The manager called for the guard as the defendant, who was cursing and screaming, tried to push the manager from the door. The guard entered the restroom, grabbed the defendant and escorted her outside the ladies' restroom. The defendant then began screaming, yelling and kicking her feet and commenced to hit the guard in the face with a felt belt. The defendant was taken to the security office, where she resisted an attempt to be handcuffed by grabbing a bookcase and attempting to topple it on the manager. The defendant then hit the manager in the face with her fist.

As a result of the altercation, the guard received torn muscles in his arm and was required to wear a sling for three or four days. He sustained no injuries from being hit with the belt. The manager was treated at the St. Joseph Hospital emergency room for injuries to her face. Three days later she began to experience severe earaches, dizzy spells, headaches and equilibrium problems. She sought medical assistance within a week of the episode and was administered an injection to reduce the facial swelling. She visited her physician approximately twelve times for treatment and continued to be treated four months thereafter for blockage in her inner ear, which she alleged occurred as a result of being punched in the face by the defendant.

The defendant claims that the trial court erred in refusing to grant her motion for a judgment of acquittal of the crime of assault in the second degree on the ground that the evidence presented was, as a matter of law, insufficient to establish that the security manager[2] had sustained "serious physical injury" as required for conviction of that crime. General Statutes § 53a-60 provides in pertinent part that "[a] person is

[2] The charge of assault in the second degree pertained to the attack on the manager while the assault in the third degree charge involved the guard. The latter charge resulted in a finding of not guilty.

guilty of assault in the second degree when: (1) with intent to cause serious physical injury to another person, he causes such injury to such person or to a third person . . . ." General Statutes § 53a-3 (4) defines "serious physical injury" as a "physical injury which creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ . . . ." On the other hand, "physical injury" is defined as merely "impairment of physical condition or pain . . . ." General Statutes § 53a-3 (3). "Impair," according to Webster, Third New International Dictionary, means "to make worse; diminish in quantity, value, excellence or strength . . . do harm to . . . ."

Although it may be difficult to distinguish between a "serious physical injury" and a "physical injury," such a distinction must be drawn here. A person can be found guilty of assault in the second degree under General Statutes § 53a-60 only if he causes *serious* physical injury to another person. *State* v. *Rossier,* 175 Conn. 204, 207, 397 A.2d 110 (1978). "Whether the physical injury sustained by the [security manager] was serious was a question of fact for the jury, assuming sufficient evidence had been introduced. Our task in reviewing the sufficiency of the evidence to support a jury verdict is to construe the evidence as favorably as possible with a view toward sustaining the verdict, and then to determine whether, based on such evidence, a jury could reasonably have reached its conclusion. *State* v. *Jeustiniano,* 172 Conn. 275, 281–82, 374 A.2d 209 (1977)." *State* v. *Rossier,* supra; see *State* v. *Maltese,* 189 Conn. 337, 344, 455 A.2d 1343 (1983).

Each essential element of the crime charged must be established by proof beyond a reasonable doubt. Although the jurors may draw reasonable, logical inferences from the facts proven, they may not resort to speculation and conjecture. *State* v. *Morrill,* 193 Conn.

602, 608, 478 A.2d 994 (1984); *State* v. *Festo,* 181 Conn. 254, 259, 435 A.2d 38 (1980); *In re Juvenile Appeal (85-2),* 3 Conn. App. 184, 193, 485 A.2d 1362 (1985). The general rule is that witnesses must state facts and not their individual opinions and conclusions. *State* v. *Palozie,* 165 Conn. 288, 297, 334 A.2d 468 (1973); *Sydleman* v. *Beckwith,* 43 Conn. 9, 11 (1875); *Moody* v. *Pinto,* 37 Conn. Sup. 786, 788, 436 A.2d 1099 (1981).

The facts construed most favorably toward sustaining the verdict indicate that the manager had no ear problems prior to the altercation with the defendant. Her symptoms developed immediately after the attack and persisted for the four months prior to trial. During the trial, she continued to undergo treatment for blockage to her inner ear, which she attributed to having been punched in the face by the defendant. The jury could reasonably infer that this problem was caused by the defendant's assault and that the victim suffered a "serious impairment of health or serious loss or impairment of the function of any bodily organ." General Statutes § 53a-3 (4).

The defendant's claim that she had been deprived of effective assistance of counsel is without merit.

There is no error.

In this opinion the other judges concurred.