STATE OF CONNECTICUT *v.* MARION LEE DICKSON
(5077)

HULL, DALY and BIELUCH, Js.

Argued December 9, 1986—decision released April 14, 1987

*Raymond Kelly,* special public defender, for the appellant (defendant).

*Robert B. Clark,* certified legal intern, with whom, on the brief, were *Michael E. O'Hare,* assistant state's attorney, *Bruce Hudock,* assistant state's attorney, and *James G. Clark,* deputy assistant state's attorney, for the appellee (state).

BIELUCH, J. The defendant appeals from a judgment rendered in accordance with a jury verdict of guilty of assault in the first degree, a violation of General Statutes § 53a-59 (a) (1). His sole claim of error challenges the sufficiency of the evidence produced at trial to support his conviction. He alleges that there was no evidence that the victim of the assault sustained "serious physical injury," as defined in General Statutes § 53a-3 (4). We find no error.

The jury could reasonably have found the following facts. On December 16, 1983, the defendant became involved in a verbal altercation with his wife, Betty Dickson, in the kitchen of their home. Betty Dickson's sister, Louise Dunmore, was lying on the couch in the living room at that time. Betty Dickson entered the living room and sat down across from her sister. Shortly thereafter, the defendant entered the room with a pistol and fired at his wife and at her sister. Dunmore was struck twice in her thigh and immediately lost consciousness. When she awoke, she was in severe pain and unable to walk.

The defendant was arrested and charged with assault in the second degree, a violation of General Statutes § 53a-60 (a) (2); attempted assault in the first degree, a violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (1); and assault in the first degree, a violation of General Statutes § 53a-59 (a) (1). The first two counts related to assaults against the defendant's wife and the third count involved his sister-in-law. The defendant was convicted on all three counts. Only the conviction on the third count of assault in the first degree is before this court.

The charge of assault in the first degree arose from the injuries inflicted upon Louise Dunmore. The defendant claims that there was no evidence that Dunmore sustained "serious physical injury." See General Stat-

utes §§ 53a-59 (a) (1) and 53a-3 (4). He alleges, therefore, that the jury's verdict and judgment of conviction on that count were erroneous. Although the defendant concedes that this claim was not presented to the trial court, he seeks review of this claim under *State* v. *Evans,* 165 Conn. 61, 69–70, 327 A.2d 576 (1973).

Both the federal and state constitutions guarantee that a criminal defendant may only be convicted upon proof of each element of the offense beyond a reasonable doubt. See *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State* v. *Little,* 194 Conn. 665, 671, 485 A.2d 913 (1984); *State* v. *Smith,* 194 Conn. 213, 217, 479 A.2d 814 (1984). The record adequately supports the defendant's allegation that his claim is of constitutional proportions. See *State* v. *Huff,* 10 Conn. App. 330, 334, 523 A.2d 906 (1987); *State* v. *Thurman,* 10 Conn. App. 302, 306, 523 A.2d 891 (1987). We shall, therefore, review this claim.

Our standard of review of a claim of insufficient evidence is well established. Reviewing the evidence in the light most favorable to sustaining the jury's verdict, we must determine whether any rational trier of fact could have found as they did. See *State* v. *Mandrell,* 199 Conn. 146, 153–54, 506 A.2d 100 (1986); *State* v. *McCulley,* 5 Conn. App. 612, 615, 501 A.2d 392 (1985).

The defendant claims that there was insufficient evidence to support the jury's finding that the defendant caused "serious physical injury" to Louise Dunmore. See General Statutes § 53a-59 (a) (1). "Serious physical injury" is defined as "physical injury which creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ . . . ." General Statutes § 53a-3 (4).

Medical evidence confirmed that Louise Dunmore was shot twice in her left thigh. After she was hit, she lost consciousness. When she awoke, she was unable to walk and required hospitalization and surgery to remove a shell fragment located at the base of her breast bone, one and one-half inches from her heart and one inch from her liver. After the operation, she walked with a limp for approximately six weeks. She still experiences pain from her wounds.

The surgeon initially considered leaving the bullet lodged in the abdominal area at the lower end of the sternum because the surgical risks exceeded the benefits of removing the shell fragment. The proximity of the bullet to the heart and other vital organs added to the risk of surgery. Because of the great pain and discomfort caused by the shell fragment, however, surgical removal took place because, as the doctor testified, "[the bullet] was infringing upon an organ such that it was intefering with her bodily movements, and you just can not ignore that." Another shell fragment was left inside the victim's body in her sternum to avoid the further risk of surgery.

We conclude that the testimony of the victim and the expert medical testimony were sufficient to support a finding that the injuries constituted a "serious impairment of health." General Statutes § 53a-3 (4); see *State* v. *McCulley,* supra (injury to victim's ear); cf. *State* v. *Milum,* 197 Conn. 602, 619, 500 A.2d 555 (1985) (emotional trauma is not sufficient to support jury verdict requiring finding of serious physical injury).

We disagree with the defendant's assertion that a complete recovery by the victim belies a finding of a serious impairment of the victim's health. Impairment is defined as the state of being impaired. Webster's Third New International Dictionary. "Impair" is defined as "to make worse; diminish in quantity, value,

excellence or strength . . . damage, lessen . . . ." Id.; see *State* v. *McCulley,* supra, 615. Consequently, the victim's alleged recovery, with a foreign body, a metallic shell fragment, still remaining in her sternum, does not preclude a jury's finding that the victim's health was seriously impaired. The jury could have made a rational determination that the injuries, as described by the victim and the medical experts, caused her serious physical impairment.

There is no error.

In this opinion the other judges concurred.