STATE OF CONNECTICUT *v.* CARLTON WOODARD
(5282)

HULL, DALY and BIELUCH, Js.

Argued May 13—decision released July 14, 1987

*John W. Watson,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Julia D. Dewey,* assistant state's attorney, with whom, on the brief, was *Thomas Miano,* former assistant state's attorney, for the appellee (state).

HULL, J. The defendant appeals from his conviction after a jury trial of the crime of assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[1] He raises three claims of error: (1) the court's refusal to charge as requested on the lesser included offense of criminally negligent assault in the third degree in violation of General Statutes § 53a-61 (a) (3);[2] (2) the insufficiency of the evidence to prove that the defendant caused the plaintiff serious physical injury; and (3) the court's refusal to exclude a part of the defendant's prior felony record.

---

[1] General Statutes § 53a-59 provides in pertinent part: "(a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person . . . by means of a deadly weapon . . . ."

[2] General Statutes § 53a-61 provides in pertinent part: "(a) A person is guilty of assault in the third degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person . . . or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon."

General Statutes § 53a-3 (14) provides: "(14) A person acts with 'criminal negligence' with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation . . . ."

The jury could reasonably have found the following facts. In January, 1982, the defendant spent most nights at the apartment of his girlfriend, Meta Gaston, at 150 Earle Street, Hartford. On January 18, 1982, Gaston's brother, Russell Arnold, and a friend, Kenneth Smith, visited Gaston and the defendant at her apartment. An argument ensued between the defendant and Smith. Smith and Arnold then went to the basement laundry room to check on Smith's clothing. The defendant went to the basement laundry room carrying a bat. The defendant repeatedly announced that he was going to kill Smith. The defendant pulled a gun from his pocket and told Smith, "I'm just going to kill you." He then shot Smith and within seconds shot the motionless Smith again.

Smith was treated at Mount Sinai Hospital in Hartford. One bullet struck him in the upper left arm, emerged from the rear of the arm, grazed his rib cage and came to rest in his navel. A one-half inch scar remained at the time of the trial. Another bullet hit Smith in the rear of his right shoulder and remained in his body. As a result of this wound, Smith sustained a lytic defect in the scapula and a series of metal fragments remained lodged in the soft tissue of that shoulder. The attending physician, Dario Perez, testified that the wounds were both painful and incapacitating. Smith underwent surgery on his right shoulder to look for possible bullet fragments. None were found.

Smith's right arm remained in a sling for several months. He underwent physical therapy for an extended period of time. At the time of trial Smith could not lift his right arm fully, and it continued to hurt.

The defendant filed a written request to charge on "Assault in the Third Degree under Section 53a-61." He did not specify subsection (3) of that statute concerning a defendant acting with criminal negligence.

The court declined to charge on this statute and stated that it did not charge on intentional assault in the third degree because the element distinguishing the lesser from the greater (the causation of the injury by a deadly weapon) was not sufficiently in dispute.

Defense counsel argued that the jury could have found criminal negligence causing injury "by means of a deadly weapon or dangerous instrument . . . ." The trial court responded: "Well, that certainly is not a lesser included. The only section or subsection of assault in the third degree would be with intent to cause physical injury, and he caused physical injury, and the element that is—would differentiate third degree from second degree would be the fact that the physical injury was caused by a deadly weapon and that was not in dispute in this case."

A defendant is entitled to instructions on a lesser offense only if an appropriate instruction is requested by either the state or the defendant. *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980). The state requested no such instruction. Such a request must be sufficiently specific to advise the court of " 'the precise point to which the defendant wished to call attention.' " *State* v. *McIntosh,* 199 Conn. 155, 161, 506 A.2d 104 (1986). Although the defendant's written request to charge referred only to "assault in the third degree under Section 53a-61," his counsel's later comments to the court sufficiently alerted the court that the defendant was requesting a charge specifically on General Statutes § 53a-61 (3). The request to charge, however, violated Practice Book § 854, which provides that a request to charge state "the citation of authority upon which it is based, and *evidence to which the proposition would apply."* (Emphasis added.) Compliance with this rule is especially important in this case because the defendant did not admit that he shot Smith. Had the court been properly alerted to the defendant's present

claim that he merely intended to intimidate Smith or that the gun discharged accidentally during a struggle, the court would then have been in a position to give the defendant's request to charge more deliberate consideration.

"The very short request to charge failed to contain 'such a complete statement of the essential facts as would have justified the court in charging in the form requested.' *Michaud* v. *Gagne,* 155 Conn. 406, 410, 232 A.2d 326 (1967), quoting *Dwyer* v. *Connecticut Co.,* 103 Conn. 678, 680, 131 A. 838 (1925); see also Practice Book [§ 854]." *State* v. *Killenger,* 193 Conn. 48, 57, 475 A.2d 276 (1984). The court's refusal to charge as requested was justified. *State* v. *Johnson,* 188 Conn. 515, 528, 450 A.2d 361 (1982).

The defendant's second claim of error is that the evidence was insufficient as a matter of law to establish that the victim sustained "serious physical injury" as set forth in General Statutes § 53a-3 (4). That section defines "serious physical injury" as "physical injury which creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ  . . . ." The court's charge limited the jury's consideration of the seriousness of the injury to "serious loss or impairment of the function of any bodily organ." The defendant claims that the evidence was insufficient to prove (1) that the victim's injuries met the statutory definition of "serious physical injury," and (2) that any serious physical injury was caused by the defendant's assault rather than by the surgery on Smith's shoulder.

"The degree of the injuries suffered by [the victim] was a proper question for the jury to decide if sufficient evidence were introduced." *State* v. *Jeustiniano,* 172 Conn. 275, 281, 374 A.2d 209 (1977). While "the

distinction between 'serious physical injury' and 'physical injury' is elusive"; id., 282; "[t]he determination as to whether the victim's injuries were 'serious physical injuries' was properly a question for the jury." *State* v. *Robinson,* 174 Conn. 604, 606, 392 A.2d 475 (1978). *State* v. *McCulley,* 5 Conn. App. 612, 615, 501 A.2d 392 (1985); see also *State* v. *Dickson,* 10 Conn. App. 462, 523 A.2d 935 (1987).

The defendant's claim that the evidence was insufficient to prove the defendant caused any serious physical injury suffered by the victim, because it was caused by unnecessary surgery, merits no discussion. It is a speculative claim at best, with no basis whatsoever in the evidence. Even if this claim were substantiated, our Supreme Court held as far back as in 1877 that "[i]f one person inflicts upon another a dangerous wound . . . he is none the less responsible for the result although it may appear that the [victim] may have recovered if he had taken proper care of himself, or . . . improper treatment aggravated the wound . . . ." *State* v. *Bantley,* 44 Conn. 537, 540 (1877). The record in this case clearly shows that the jury was presented with sufficient evidence to support a finding of "serious physical injury" as defined in General Statutes § 53a-3 (4).

The defendant's final claim of error refers to the trial court's admission of "prior conviction" evidence on the issue of credibility. He claims that the relevancy of the state's impeaching him through the use of his prior convictions was far outweighed by its prejudicial effect.

Certain factors have usually been identified as of primary importance in considering whether a former criminal conviction is to be admitted. These include "the extent of the prejudice likely to arise" and "the significance of the commission of the particular crime in indicating untruthfulness." *State* v. *Nardini,* 187 Conn.

513, 522, 447 A.2d 396 (1982); *State* v. *Marquez*, 160 Conn. 47, 52, 273 A.2d 689 (1970). The balancing of these factors is, of course, committed to the trial court's discretion and, in the exercise of that discretion, the trial court must determine whether the prejudicial effect of the evidence far outweighs its probative value. *State* v. *Geyer*, 194 Conn. 1, 11, 480 A.2d 489 (1984); *State* v. *DelVecchio*, 7 Conn. App. 217, 219, 508 A.2d 460, cert. denied, 201 Conn. 801, 513 A.2d 697 (1986); *State* v. *Kuritz*, 3 Conn. App. 459, 461, 489 A.2d 1053 (1985).

When judged against these general principles, the narrow scope of the defendant's claim becomes apparent. Indeed, he does not dispute the fact that some of his prior convictions fall within that class of offense that "imply a general disposition towards dishonesty" and as such "bear heavily on the credibility of one who has been convicted of them." *State* v. *Geyer*, supra, 12; *State* v. *Carter*, 189 Conn. 631, 643, 458 A.2d 379 (1983). Rather, the primary question presented to this court concerns whether the trial court abused its discretion in ruling that the probative value of the proffered evidence sufficiently outweighed its prejudicial effect on the defendant. In particular, the defendant challenges use of his prior conviction for carrying a dangerous weapon.

There is, of course, "no per se rule prohibiting impeachment of a defendant by proof of a prior conviction of a crime similar to that for which he is being tried when that prior conviction is offered to attack his credibility." *State* v. *Keiser*, 196 Conn. 122, 132, 491 A.2d 382 (1985); *State* v. *Binet*, 192 Conn. 618, 622, 473 A.2d 1200 (1984). Moreover, "[t]he trial court, because of its intimate familiarity with the case, is in the best position to weigh the relative merits and dangers of any proferred evidence." *State* v. *Geyer*,

supra, 13; *State* v. *Bitting,* 162 Conn. 1, 10, 191 A.2d 240 (1971). In balancing the probativeness and prejudice of such evidence, the trial judge must recognize that "the danger of unfair prejudice is far greater when the accused, as opposed to other witnesses, testifies, because the jury may be prejudiced not merely on the question of credibility but also on the ultimate question of guilt or innocence." *United States* v. *Martinez,* 555 F.2d 1273, 1275 (5th Cir. 1977); *State* v. *Binet,* supra, 623; *State* v. *Sergi,* 7 Conn. App. 445, 453, 509 A.2d 56, cert. denied, 201 Conn. 806, 515 A.2d 380 (1986). This court will upset a trial court's order denying such a motion to exclude a witness' prior record, offered to attack his credibility, only if the lower court has abused its discretion. *State* v. *Binet,* supra; *State* v. *Kuritz,* supra. "The test used in determining if the court abused its discretion is whether the court could reasonably conclude as it did, and every reasonable presumption will be made in favor of the correctness of its action." *State* v. *Johnson,* 4 Conn. App. 672, 673, 496 A.2d 522 (1985).

We have carefully reviewed the record in this case and, in light of the proper admission of other convictions, we do not find that the prejudicial impact of the conviction in question outweighed its probative value.

There is no error.

In this opinion the other judges concurred.